**IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS**

| | |
|---|---|
| **KENNEDY M. RUSSELL,** | ) |
| | ) |
| **Plaintiff,** | ) |
| | ) |
| vs. | ) Case No. 08-cv-0247-MJR |
| | ) |
| **UNITED STATES OF AMERICA,** | ) |
| **INTERNAL REVENUE SERVICE** | ) |
| **and GLORIA J. THOMAS,** | ) |
| | ) |
| **Defendants.** | ) |

## ORDER AND MEMORANDUM

**REAGAN, District Judge:**

On March 31, 2008, Kennedy M. Russell filed this action against the United States of America, the Internal Revenue Service and Gloria J. Thomas. Russell complains that Defendants' attempts to collect his unpaid tax liabilities were undertaken in violation of his constitutional rights.

On April 1, 2008, summonses were issued as to all Defendants (Doc. 2). On April 28, 2008, Russell filed Proof of Service as the each Defendant, and, on June 9th, he filed a notice that the summonses were executed on each Defendant (Docs. 3-6). On July 25, 2008, the Clerk of Court entered default as to each Defendant, and on August 1st, Russell filed motions for default judgment (Docs. 9-12).

On August 19, 2008, counsel entered an appearance on behalf of the United States and, on September 19th, counsel moved to set aside default as to the United States. On October 3rd, counsel amended her motion to vacate and moved to set aside the default as to both the United States and Gloria Thomas (Doc. 25). Russell responded on October 9, 2008 (Doc. 26). Defendants replied

on November 3, 2008 (Doc. 28). The United States and Gloria Thomas were granted until November 3, 2008 to submit a reply and have chosen not to reply.

**Rule 55(c)** provides that "[t]he court may set aside an entry of default for good cause." It is well-established that to succeed under Rule 55(c), a party must show "(1) good cause for [its] default; (2) quick action to correct it; and (3) a meritorious defense to the plaintiff's complaint." ***O'Brien v. R.J. O'Brien & Associates, Inc.*, 998 F.2d 1394, 1401 (7th Cir. 1993) (quoting *United States v. DiMucci*, 879 F.2d 1488, 1495 (7th Cir. 1989)).** More recently, the Seventh Circuit explained:

> Defaults may be set aside for "good cause." [For instance,] [d]amages disproportionate to the wrong afford good *cause* for judicial action, even though there is no good *excuse* for the defendant's inattention to the case. Rule 55(c) requires "good cause" for the judicial action, not "good cause" for the defendant's error; as used in this Rule, the phrase is not a synonym for "excusable neglect." (Another way to see this is that Rule 55(c) uses the "good cause" standard for relief before judgment has been entered, while referring to the standard under Rule 60(b) for relief after judgment. Rule 60(b) allows relief on account of mistake and inadvertence in addition to excusable neglect; the "good cause" standard in Rule 55(c) must be easier to satisfy.)

***Sims v. EGA Products, Inc.*, 475 F.3d 865, 868 (7th Cir. 2007) (emphasis in original; citations omitted).**

Under these standards, the Court finds that good cause exists to vacate default under Rule 55(c). First, Defendants promptly moved to set aside default when they realized that a new action had been filed against them. Defendants explain that Russell previously filed suit in the Southern District of Illinois against, *inter alia*, the United States and the Internal Revenue Service. *Russell v. United States of America*, 07-0084-WDS (S.D.Ill.) That action remains pending. Defendants state that when they received the complaint in the instant action they mistakenly

believed that it was another filing in the 2007 case. The Tax Division's intake clerk did not recognize that the complaint was a new action, so no new file was created and no attorney assigned to the matter.

Moreover, Defendants appear to have a meritorious defense. Defendants maintain that the Internal Revenue Service is a government agency and not a private debt collection agency, contrary to Russell's allegations. Also, the damages sought appear to be disproportionate to the wrong suffered. Russell alleges that he was wronged by Defendants' attempts to collect unpaid taxes and seeks damages of $800,000 from the United States Treasury.

In Russell's response, he first contends that the United States of America is not a party to this litigation because he sued the "United States" and not the "United States of America," a separate entity. These two terms are interchangeable and are commonly understood to refer to the same entity. Contrary to Russell's second argument - that Defendant Thomas remains unrepresented - Attorney Pamela Grewal entered an appearance on Thomas's behalf on October 3, 2008. Doc. 25. Finally, Russell contends that Defendants' failure to recognize that he had filed a second lawsuit is not excusable but shows negligence and a lack of due diligence. However, the Court finds that Defendants have met the requirements of **Rule 55(c)** and have shown good cause for the Court to grant Defendants' motion and vacate the entry of default.

For the above-stated reasons, the Court hereby **GRANTS** the United States of America's and Gloria J. Thomas's amended motion to vacate Clerk's the entry of default (Doc. 25), **DENIES** Russell's motion for denial of amended motion (Doc. 26) and **VACATES** the Clerk's entry of default only as to Defendants, the United States of America and Gloria Thomas (Doc. 9). Consequently, the Court **DENIES** Russell's motion for default judgment as to Gloria J. Thomas

(Doc. 10) and **DENIES** Russell's motion for default judgment as to the United States of America (Doc. 11). The Court **DENIES AS MOOT** the United States of America's motion to set aside default (Doc. 18). Finally, the Court **DIRECTS** the United States of America and Gloria J. Thomas to file their answers **no later than November 26, 2008.**

     **IT IS SO ORDERED.**

     **DATED this 5th day of November, 2008**

                                   **s/Michael J. Reagan**
                                   **MICHAEL J. REAGAN**
                                   **United States District Judge**