# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | | |
|---|---|---|
| **KENNEDY M. RUSSELL,** | ) | |
| | ) | |
| **Plaintiff,** | ) | |
| | ) | |
| vs. | ) | Case No. 08-cv-0247-MJR |
| | ) | |
| **UNITED STATES OF AMERICA,** | ) | |
| **INTERNAL REVENUE SERVICE** | ) | |
| **and GLORIA J. THOMAS,** | ) | |
| | ) | |
| **Defendants.** | ) | |

## ORDER AND MEMORANDUM

**REAGAN, District Judge:**

### I. Introduction and Procedural Overview

In March, 2008, Kennedy M. Russell, *pro se*, filed suit in this Court against the United States of America, the Internal Revenue Service and Gloria J. Thomas pursuant to various federal statutes and Illinois state law.

Russell claims that Thomas retaliated against him for previously filing suit in this Court against other IRS agents in her office. *See Russell v. United States,* Case No. 07-0084-WDS (S.D.Ill.). He submits that Thomas contacted him in violation of "Lawful protocol" by failing to provide him with specific information that he requested. Russell states that he informed Thomas that, because of his status as a "nontaxpayer," he was not subject to the tax code. Russell states that Thomas harassed him and violated his due process rights by telephoning him, appearing at his home, requesting information from his customers and issuing a summons to his bank. Russell seeks damages in the amount of $800,000.00.

Defendants move to dismiss Russell's action for lack of subject matter jurisdiction

1

and failure to state a claim upon which relief may be granted (Doc. 30). Russell filed his response on December 1, 2008 (Doc. 32). For the reasons set forth below, the Court **GRANTS** Defendants' motion to dismiss.

## II. Standard of Review

**FEDERAL RULE OF CIVIL PROCEDURE 12(b)(6)** governs motions to dismiss for failure to state a claim upon which relief can be granted. When considering a motion to dismiss for failure to state a claim, the Court accepts the plaintiff's allegations as true and construes all inferences in favor of the plaintiff. ***Hishon v. King & Spalding,* 467 U.S. 69, 73 (1984); *Thompson v. Ill. Dep't of Prof. Regulation,* 300 F.3d 750, 753 (7th Cir. 2002)**. As the Supreme Court explained in ***Bell Atlantic Corp. v. Twombly*, 127 S.Ct. 1955, 1964 (2007)**, ". . . it is not enough for a complaint to avoid foreclosing possible bases for relief; it must actually suggest that the plaintiff has a right to relief, *id*. at 1968-69, by providing allegations that 'raise a right to relief above the speculative level." ***E.E.O.C. v. Concentra Health Services, Inc*., 496 F.3d 773, 777 (7th Cir. 2007) (quoting *Bell Atlantic*, 127 S.Ct. at 1965)**.

Under the liberal notice pleading requirements of the federal rules, all that is required to state a claim "is a short statement, in plain . . . English, of the legal claim." ***Kirksey v. R.J. Reynolds Tobacco Co.,* 168 F.3d 1039, 1041 (7th Cir. 1999); FED. R. CIV. P. 8(a)(2).** "A full narrative is unnecessary." *Id.*; *see also, e.g., Swierkiewicz v. Sorema N.A.,* **534 U.S. 506 (2002);** *McDonald v. Household International, Inc.,* **425 F.3d 424, 427-28 (7th Cir. 2005);** *Bartholet v. Reishauer A.G. (Zurich),* **953 F.2d 1073, 1077-78 (7th Cir. 1992).** Thus, Rule 12(b)(6) dismissal should be denied "if any facts that might be established within [a plaintiff's] allegations would permit a judgment for the plaintiff." ***Duda v. Board of Education of Franklin Park Public School District No. 84,* 133 F.3d 1054, 1057 (7th Cir. 1998)**.

### III. Analysis

Defendants contend that (1) the United States is the only properly named Defendant in this action; and (2) the Court does not have jurisdiction to grant the relief sought by Russell. The Court will address these contentions in turn.

#### A. **The United States is the only properly named Defendant**

Defendants submit that the IRS is not a suable entity because Congress has not authorized suit against the agency in its own name. Russell makes no specific response to Defendants' contention. His only objection is that Defendants filed a motion to dismiss rather than an answer.

Rule 12 of the Federal Rules of Civil Procedure governs Russell's objection. The Rule provides, "Unless another time is specified by this rule or a federal statute, the time for serving a responsive pleading is as follows: ... [t]he United States, a United States agency, or a United States officer or employee ... must serve an answer to a complaint ... within 60 days after service on the United States attorney." **FED. R. CIV. P. 12(a)(2)**. If a defendant files a motion under Rule 12, however, "the responsive pleading must be served 10 days after notice of the court's action." **FED. R. CIV. P. 12(a)(4)(A)**. Stated a different way, because Defendants filed a motion to dismiss under Rule 12(b)(6), their answer would not due until 10 days after the Court's ruling on the motion to dismiss, should the motion be denied. Because Defendants' motion is appropriate under the Federal Rules of Civil Procedure, Russell's objection is without merit.

Agencies such as the IRS are not "suable" entities. *See Blackmar v. Guerre,* **342 U.S. 512, 514 (1952)**. "The general rule is that a suit is against the sovereign if the judgment sought would expend itself on the public treasury or domain, or interfere with the public administration, or if the effect of the judgment would be to restrain the Government from acting, or to compel it to

3

act." ***Dugan v. Rank*, 372 U.S. 609, 620 (1963) (internal quotation marks and citation omitted)**. If Russell were to prevail in this action, the damages he seeks would be expended from the public treasury. The suit is then against the "sovereign," *i.e*., the United States. For this reason, the Court finds that the United States is the proper defendant in this action and substitutes "the United States" for the IRS as Defendant.

Federal employees are accorded "absolute immunity from common-law tort claims arising out of acts they undertake in the course of their official duties." ***Osborn v. Haley,* 549 U.S. 225 (2007)**. "If the Attorney General determines that the employee was acting within the course and scope of employment, the suit is deemed to be against the United States and the United States 'shall be' substituted as the proper defendant." ***Chapman v. U.S. Marshal for Northern Dist. of Illinois,* 584 F.Supp.2d 1083, 1088 (N.D.Ill. 2008) (citing *Foster v. Hill,* 497 F.3d 695, 696 (7th Cir. 2007); 28 U.S.C. § 2679(d)(1))**.

The United States Attorney for the Southern District of Illinois has made a certification pursuant to § 2679 that Thomas "was acting within the scope of her employment and office as an employee of the United States at the time that the incidents out of which plaintiff's claims arose occurred." Doc. 30, Exhibit A. As a result, this action is deemed to be against the United States, and the Court substitutes the United States for Thomas insofar as Russell's claims are founded in common law tort or State law.

### 1. **Federal Tort Claims Act ("FTCA")**

Since the United States is substituted for the IRS and for Thomas (as to common law tort or State law claims), "the remedy against the United States is the exclusive remedy and any other action (specifically, any action against the defendant in his or her individual capacity) is

precluded." *Chapman,* **584 F.Supp.2d at 1088 (citing** *Foster,* **497 F.3d at 696; 28 U.S.C. § 2679(d)(3))**. "The suit is thereafter governed by the FTCA." *Id.* **(citing** *Osborn,* **127 S.Ct. at 888)**.

"The FTCA is a limited waiver of the sovereign immunity of the United States and imposes liability 'under circumstances where the United States, if a private person, would be liable to the claimant in accordance with the law of the place where the act or omission occurred.'" *Warrum v. United States,* **427 F.3d 1048, 1050 (7th Cir. 2005) (quoting 28 U.S.C. § 1346(b)(1) and citing** *United States v. Kubrick,* **444 U.S. 111, 117-18 (1979);** *Charlton v. United States,* **743 F.2d 557, 558 (7th Cir. 1984))**. Sovereign immunity bars Russell's FTCA claim because he has not made an administrative claim, as required by 28 U.S.C. § 2675.[1] Furthermore, his FTCA claim falls within the statutory exemption to the FTCA under which the government is immune from liability for "[a]ny claim arising in respect of the assessment or collection of any tax." *Clark v. United States,* **326 F.3d 911, 913 (7th Cir. 2003) (quoting 28 U.S.C. § 2680(c))**. Accordingly, Russell's claims of improper actions to collect his unpaid taxes may proceed only against the United States and only pursuant to the limited waiver of immunity found in 26 U.S.C**. § 7433.

B. The Court does not have jurisdiction to grant the relief sought by Russell**

A taxpayer who claims that he has been subjected to unauthorized collection actions may seek relief under 26 U.S.C. § 7433, which provides as follows:

---

[1]The FTCA imposes the following administrative exhaustion requirement:
An action shall not be instituted upon a claim against the United States for money damages for injury or loss of property or personal injury or death caused by the negligent or wrongful act or omission of any employee of the Government while acting within the scope of his office or employment, unless the claimant shall have first presented the claim to the appropriate Federal agency and his claim shall have been finally denied by the agency in writing and sent by certified or registered mail. **28 U.S.C. § 2675(a)**.

5

> If, in connection with any collection of Federal tax with respect to a taxpayer, any officer or employee of the Internal Revenue Service recklessly or intentionally, or by reason of negligence disregards any provision of this title, or any regulation promulgated under this title, such taxpayer may bring a civil action for damages against the United States in a district court of the United States. Except as provided in section 7432, such civil action shall be the exclusive remedy for recovering damages resulting from such actions. **26 U.S.C. § 7433(a)**.

Consequently, a taxpayer may bring suit and recover money damages resulting from an IRS agent's misconduct. However, it is a jurisdictional requirement that the taxpayer bringing suit under this provision must first have exhausted his administrative remedies. ***See Bolden v. Commissioner of the Internal Revenue,* 2008 WL 4613899, 1 (N.D.Ill. 2008) (citing 26 U.S.C. §§ 7432(a), 7433) (collecting cases)**. Under 26 U.S.C. § 7433(d)(1), "A judgment for damages shall not be awarded under subsection (b) unless the court determines that the plaintiff has exhausted the administrative remedies available to such plaintiff within the Internal Revenue Service." **26 U.S.C. § 7433(d)(1)**. Because Russell has not shown that he has exhausted his administrative remedies, this Court lacks jurisdiction to award money damages under § 7433(a). ***See id.***

### 1. *Bivens* action

Construing Russell's complaint liberally, the Court will also consider his claims that Thomas harassed and intimidated him in violation of his substantive and procedural due process rights as a *Bivens* action against Thomas. ***See Bivens v. Six Unknown Named Agents of Federal Bureau of Narcotics,* 403 U.S. 388 (1971)**. "*Bivens'* purpose is to deter individual federal officers ... from committing constitutional violations." ***Correctional Services Corp. v. Malesko,* 534 U.S. 61, 62 (2001)**. However, federal courts will provide a remedy under *Bivens* only where "Congress has not provided an adequate remedial mechanism for a constitutional violation, and the omission of that particular remedy was inadvertent." ***Richards v. Kiernan,* 461 F.3d 880, 883 (7th Cir. 2006)**

**(citations omitted)**.

The Seventh Circuit is among those circuits that have limited the availability of a *Bivens* action in cases involving federal taxes.

> Courts will not create a damage remedy for the violation of a constitutional right when Congress has created explicit remedies or when a court-created remedy would interfere with the effective functioning of the government. Both elements are present here. Congress has given taxpayers all sorts of rights against an overzealous officialdom, including, most fundamentally, the right to sue the government for a refund if forced to overpay taxes, and it would make the collection of taxes chaotic if a taxpayer could bypass the remedies provided by Congress simply by bringing a damage action against Treasury employees. ***Cameron v. Internal Revenue Serv., 773 F.2d 126, 129 (7th Cir. 1985)***.

Insofar as Russell seeks damages against Thomas for misconduct in the performance of her official duties - and assuming that he has properly pled a constitutional violation - he cannot proceed against her under *Bivens* because Congress has provided an adequate remedial mechanism for redressing the conduct of overzealous IRS agents.

### 2. Fair Debt Collection Practices Act

Lastly, Russell is not entitled to relief under the Fair Debt Collection Practices Act ("FDCPA"), 15 U.S.C. § 1692 *et seq.* In Russell's complaint, he cites to various FDCPA provisions in support of his contention that Thomas "conduct[ed] herself in contradiction to the mandates of this Law of the Land." Complaint, p. 7. However, the definition of the term "debt collector" does not include "any officer or employee of the United States or any State to the extent that collecting or attempting to collect any debt is in the performance of his official duties." **15 U.S.C. § 1692a(6)(C)**. As a result, Thomas, as an IRS agent, is by definition excluded from being a "debt collector." Moreover, Russell's unpaid taxes are not "debts" within the meaning of the FDCPA, which defines "debt" as "any obligation or alleged obligation of a consumer to pay money arising

7

out of a transaction in which the money, property, insurance, or services which are the subject of the transaction are primarily for personal, family, or household purposes, whether or not such obligation has been reduced to judgment." **§ 1692a(5)**. Within the meaning of the FDCPA, Russell is not a "consumer," nor has there been any "transaction" between him and the United States. *See, e. g., Berman v. GC Services Ltd. Partnership*, **146 F.3d 482, 486-87 (7th Cir. 1998)**, *citing with approval and quoting Staub v. Harris*, **626 F.2d 275 (3d Cir.1980) ("We believe that, at a minimum, the statute contemplates that the debt has arisen as a result of the rendition of a service or purchase of property or other item of value. The relationship between taxpayer and taxing authority does not encompass that type of** *pro tanto* **exchange which the statutory definition [of "debt"] envisages.")**. The FTCA does not apply to the IRS's efforts to collect unpaid taxes, and Russell is not entitled to relief under the Act.

## IV. Conclusion

For the foregoing reasons, the Court **SUBSTITUTES** the United States of America for Defendant Internal Revenue Service; the Court also **SUBSTITUTES** the United States of America for Defendant Gloria J. Thomas as to claims founded in common law tort or State law. The Court **FINDS** that it lacks jurisdiction over Russell's claims because they are barred by sovereign immunity and also **FINDS** that Russell's complaint against Defendant Thomas fails to state a claim upon which relief may be granted. The Court **GRANTS** Defendants' motion to dismiss (Doc. 30) and **DISMISSES** this action. This case is closed.

**IT IS SO ORDERED.**

**DATED this 29th day of January, 2009**

<u>**s/Michael J. Reagan**</u>
**MICHAEL J. REAGAN**
**United States District Judge**